FILED

OCT 31 2007
Oct. 31, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | |
|---|---|
| SAPUTO CHEESE USA INC., a Delaware corporation, ) ) ) | 07CV6150 |
| Plaintiff, ) ) | JUDGE PALLMEYER |
| v. ) ) | MAG. JUDGE COX |
| SOCIETE DE LA FROMAGERIE BOURSIN, a French corporation, ) ) ) | JURY TRIAL DEMANDED |
| Defendant. ) ) | |

## COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### COUNT I: FEDERAL TRADEMARK COUNTERFEITING

1. Plaintiff, Saputo Cheese USA Inc. ("Saputo"), is a Delaware corporation with offices at 25 Tri-State International Office Center, Suite 250, Lincolnshire, Illinois 60069.

2. Defendant, Societe de la Fromagerie Boursin ("Boursin"), upon information and belief, is a French corporation with its principal offices at Croisy-sur-Eure 27120, France.

3. This Court has jurisdiction by virtue of the facts that: (i) this is a civil action arising under the United States Trademark Act, 15 U.S.C. §§ 1051-127, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (ii) this is a civil action in which plaintiff is a citizen of Illinois and defendant is a citizen of France, and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a).

This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

4. Since long prior to the acts of Boursin complained of herein, Saputo has been in the business, *inter alia*, of marketing, advertising, selling and distributing cheese products, throughout the United States.

5. Since at least as early as January 1996, long prior to the acts of Boursin complained of herein, Saputo, with great success, has marketed, advertised, sold and distributed cheese products under the trademark TOPPERS.

6. Long prior to the acts of Boursin complained of herein, Saputo sold millions of dollars of cheese products under its trademark TOPPERS, and has incurred substantial costs annually to advertise, market and promote its cheese products under its trademark TOPPERS.

7. As a result of long use and the great success of its cheese products, and long prior to the acts of Boursin complained of herein, Saputo has owned an invaluable goodwill represented by its trademark TOPPERS.

8. Long prior to the acts of Boursin complained of herein, Saputo registered its trademark TOPPERS for cheese with the United States Patent and Trademark Office as United States Trademark Registration Number 2,330,529.

9. United States Trademark Registration Number 2,330,529 for TOPPERS is valid, subsisting, and is owned by Saputo.

CHIC_1646839.5

10. United States Trademark Registration Number 2,330,529 for TOPPERS is incontestable in accordance with the provisions of the United States Trademark Act, 15 U.S.C. §§ 1065 & 1115(b).

11. Since long prior to the acts of Boursin complained of herein, Saputo prominently has displayed its TOPPERS trademark on packaging in red lettering beneath a display of a house mark in green lettering, all against a white background.

12. Upon information and belief, Boursin is in the business, *inter alia*, of selling cheese products for export to the United States.

13. Long subsequent to the aforesaid success of Saputo's cheese products sold under its trademark TOPPERS, Boursin began selling cheese products under the trademark TOPPERS for distribution in the United States and said products now are being distributed in the United States.

14. Like Saputo, Boursin displays the trademark TOPPERS in red lettering beneath a house mark in green lettering against a white background on its packages of cheese distributed in the United States.

15. Upon information and belief, Boursin's trademark TOPPERS was adopted for the purpose of trading upon the goodwill symbolized by Saputo's trademark TOPPERS, and with reckless indifference to Saputo's aforesaid rights.

16. Boursin's aforesaid TOPPERS trademark used for cheese is identical to Saputo's federally registered trademark used for cheese.

17. Boursin's aforesaid use of its trademark TOPPERS is likely to cause confusion among consumers and others as to the origin of Boursin's cheese products sold under said mark, or to cause consumers and others mistakenly to believe that there is a connection between Boursin or its aforesaid cheese products, and Saputo or its aforesaid cheese products.

18. Boursin's use of its trademark TOPPERS enables Boursin to benefit unfairly from the reputation and success of Saputo's cheese products sold under Saputo's trademark TOPPERS, thereby giving Boursin's cheese products a salability which they otherwise would not enjoy.

19. Boursin's aforesaid acts constitute use of a counterfeit trademark within the meaning of the United States Trademark Act, 15 U.S.C. § 1127.

20. Boursin's aforesaid acts constitute trademark counterfeiting in violation of the United States Trademark Act, 15 U.S.C. § 1114.

21. Boursin's aforesaid acts greatly and irreparably injure Saputo, and will continue to so injure Saputo unless restrained by this Court; wherefore, Saputo is without adequate remedy at law.

## COUNT II: FEDERAL TRADEMARK INFRINGEMENT

22. Saputo hereby realleges and incorporates the allegations set forth in paragraphs 1 through 18 and 21 herein.

CHIC_1646839.5

23. Boursin's aforesaid acts constitute trademark infringement in violation of the United States Trademark Act, 15 U.S.C. § 1114.

### COUNT III: FEDERAL UNFAIR COMPETITION

24. Saputo hereby realleges and incorporates the allegations set forth in paragraphs 1 through 7, 11 through 18, and 21 herein.

25. Boursin's aforesaid acts constitute the misleading use of a word, term, name, symbol or device, or a combination thereof, in violation of the United States Trademark Act, 15 U.S.C. § 1125(a).

### COUNT IV: STATE COMMON LAW UNFAIR COMPETITION

26. Saputo hereby realleges and incorporates the allegations set forth in paragraphs 1 through 7, 11 through 18, and 21 herein.

27. Upon information and belief, Boursin's aforesaid acts result in its unjust enrichment.

28. Boursin's aforesaid acts violate the common law of unfair competition of the several states, including the common law of the State of Illinois.

### COUNT V: STATE STATUTORY UNFAIR COMPETITION

29. Saputo hereby realleges and incorporates the allegations set forth in paragraphs 1 through 7, 11 though 18 and 21 herein.

30. Boursin's aforesaid acts constitute unfair and deceptive trade practices in violation of the statutory unfair competition laws of the several states, including the Illinois

5

Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.*

WHEREFORE, Saputo Cheese USA Inc. prays for the following relief:

1. Defendant, Societe de la Fromagerie Boursin, its officers, partners, managers, agents, servants, employees, attorneys, and all others in active concert or participation with any of them and who receive actual notice of the order, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

   a. Using Boursin's trademark TOPPERS.

   b. Using for cheese and other dairy products any other trade name, trademark, service mark, trade dress or other trade identity which is similar to Saputo's trademark TOPPERS.

   c. Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Boursin, or its business or products, emanate from or are connected with, sponsored by or approved by, Saputo.

   d. Aiding or abetting any other person in committing any of the acts prohibited by (a) through (c) above.

2. Defendant, Societe de la Fromagerie Boursin, be required to pay over to Saputo Cheese USA Inc.:

   a. in accordance with the United States Trademark Act, 15 U.S.C. § 1117(b) & (c), a mandatory award of the greater of treble Boursin's wrongful profits resulting from its aforesaid wrongful acts and treble plaintiff's damages, or an award of statutory damages in the sum of $1,000,000, together with an award of prejudgment interest, as well as a mandatory award of plaintiff's attorneys' fees and costs;

6

  b. in accordance with the United States Trademark Act, 15 U.S.C. § 1117(a), an award of treble Boursin's wrongful profits resulting from its aforesaid wrongful acts, treble plaintiff's damages, and an award of plaintiff's attorneys' fees and costs;

  c. in accordance with the common law, an award of Boursin's wrongful profits resulting from its aforesaid wrongful acts, plaintiff's actual damages, and exemplary and punitive damages in a sum sufficient to deter such wrongful acts in the future;

  d. in accordance with the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3, an award of plaintiff's costs and attorneys' fees; and,

  e. in accordance with the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a, actual damages resulting from Boursin's aforesaid wrongful acts, as well as exemplary and punitive damages in a sum sufficient to deter such wrongful acts in the future, as well as an award of plaintiff's costs and attorneys' fees.

 3. Defendant, Societe de la Fromagerie Boursin, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver up to Saputo Cheese USA Inc. for destruction all labels, signs, prints, packages, bottles, receptacles, containers, and advertisements, as well as all plates, models, matrices, and other means of making the same, in Boursin's possession or control bearing Boursin's trademark TOPPERS, or any other reproduction, counterfeit, copy or colorable imitation of Saputo's trademark TOPPERS, or any other materials or things prohibited under the terms of the permanent injunction entered by this Court.

7

4. Defendant, Societe de la Fromagerie Boursin, Inc., in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Saputo Cheese USA Inc., a report in writing, under oath, setting forth in detail the manner and form in which Boursin has complied with the terms of any injunction entered by this Court.

5. Such other and further relief as the Court deems just and equitable.

**JURY TRIAL DEMAND: Plaintiff, Saputo Cheese USA Inc., by its attorneys, hereby demands trial by jury on all claims and issues in this action whether now or hereinafter asserted.**

Dated: October 31, 2007

Respectfully submitted,

FOLEY & LARDNER LLP

*/s/ Charles R. Mandly, Jr.*
Craig S. Fochler (ARDC # 840,858)
Charles R. Mandly, Jr. (ARDC # 6185827)
Peter G. Hawkins (ARDC # 6289701)
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

Attorneys for Plaintiff
SAPUTO CHEESE USA INC.